IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK M. SOTOUDEH,<br><br>      Plaintiff,<br><br>  v.<br><br>PANERA BREAD CO.,<br><br>      Defendant.<br>_____/ | No. C 10-01166 SI<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND REMANDING ACTION TO CONTRA COSTA COUNTY SUPERIOR COURT** |

Plaintiff Nick M. Sotoudeh moves, pursuant to Federal Rule of Civil Procedure 15(a), for leave of court to file a First Amended Complaint adding a cause of action for harassment in violation of California Government Code section 12940 against the two individual defendants named in the complaint (Todd McDermott and Mark Stuart). Plaintiff also moves to remand the case on the ground that the addition of the cause of action for harassment against McDermott and Stuart would defeat diversity jurisdiction, acknowledging that the causes of action in the original complaint lie only against defendant Panera, LLC and not against the individuals. Defendant Panera, LLC ("Panera") opposes the motions, arguing that plaintiff's rationale for seeking to add the harassment claim is solely to defeat diversity jurisdiction and is thus improper.

This matter is currently set for hearing on June 4, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, the Court GRANTS plaintiff's motions for leave to file an amended complaint and REMANDS this matter to Contra Costa County Superior Court.

**BACKGROUND**

On February 11, 2010, plaintiff filed a complaint against defendants Panera Bread Company, Panera, LLC, Todd McDermott and Mark Stuart in the Superior Court for Contra Costa County. Plaintiff alleged nine state law causes of action against all of the defendants, including race, age, disability and religious discrimination as well as retaliation, wrongful discharge, breach of the employment contract, breach of the implied covenant of good faith and fair dealing, and intentional infliction of emotional distress. Complaint [Docket No. 1, Ex A]. Plaintiff's complaint makes various factual allegations against defendants McDermott and Stuart, who were plaintiff's supervisors as a District Manager and a Store Manager respectively. Complaint ¶¶ 3,4.

On March 19, 2010, defendant Panera removed this case based on diversity jurisdiction. Notice of Removal [Docket No. 1, ¶ 3].[1] Panera argued that diversity existed because the individual defendants, McDermott and Stuart, could not be held personally liable for any of the nine causes of action alleged. Notice of Removal at 5-10. As such, Panera asserted that McDermott and Stuart were fraudulently joined and their citizenship should be disregarded. *Id.* at 12-13.

On April 13, 2010, plaintiff filed his motion to amend his complaint to allege a cause of action for harassment, which would lie against defendants McDermott and Stuart, and to remand to state court.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, the rule's policy of favoring amendments to pleadings should be applied with "extreme liberality." *Id.*(citations omitted); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987).

---

[1] Defendant Panera, LLC asserted in its Notice of Removal that defendants McDermott and Stuart had not been served and, therefore, did not need to join the Notice of Removal. Notice of Removal ¶ 4. Plaintiff does not address or contest this allegation as a basis for remanding to state court.

Under 28 U.S.C. § 1447(e), "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Section 1447(e) is "couched in permissive terms" and the decision whether to permit or deny joinder of a diversity-destroying defendant is left to the district court's discretion. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In deciding whether to permit the joinder:

> [T]he district court may consider, among other things, (1) whether the would-be defendants are necessary for just adjudication of the controversy, (2) whether the plaintiff still could bring an action in state court against the putative defendants, (3) whether there has been any unexplained delay in joinder, (4) whether it appears the plaintiff is seeking to destroy diversity, (5) the apparent merit of the claims against the new parties, and (6) whether plaintiff would suffer prejudice without the joinder of the defendants.

*Bonner v. Fuji Photo Film*, 461 F. Supp. 2d 1112, 1119-20 (N.D. Cal. 2006); *see also IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1010-11 (N.D. Cal. 2000).

## DISCUSSION

**1.   Standard of Review**

As an initial matter, there is a debate between the parties over whether on a motion to amend – where the amendment would add a cause of action keeping existing defendants and destroying the diversity jurisdiction invoked by the removing defendant – the standard to be applied by the Court is the more "permissive" standard for amendment under Rule 15 or the stricter "discretionary" standard for joinder under 28 U.S.C. section 1447(e). *Compare* Motion at 4 *with* Opposition at 2-3. However, as discussed below, since plaintiff's motion is well taken under the stricter "discretionary" standard advocated by Panera, the Court need not resolve the issue.

**2.   Application of the 28 U.S.C. section 1447(e) factors**

   **A.   Necessary party**

Federal Rule of Civil Procedure 19 provides that joinder is required of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their

3

interests. *IBC Aviation*, 125 F. Supp. 2d at 1011 (citing Fed. R. Civ. Pro. 19). A necessary party is one "'having an interest in the controversy, and who ought to be made [a] party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Id.* (quoting *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 910, 912 (9th Cir. 1991)). This standard is met when failure to join will lead to separate and redundant actions. *Id.*

Panera argues, without citation to case law, that this factor does not apply here because the plain language of the rule excludes situations where the joinder would deprive the court of jurisdiction over the subject matter of the action. However, courts in this district have applied the Rule 19 joinder factor in cases where joinder would result in a loss of diversity jurisdiction. *See, e.g., Oettinger v. Home Depot*, No. C 09-01560 CW, 2009 U.S. Dist. LEXIS 64786, *6-7 (N.D. Cal. July 15, 2009). Panera also argues that even if Rule 19 applies in this case, plaintiff cannot establish that the individual defendants are necessary for complete relief.

Plaintiff responds that he specifically alleged facts against the individual defendants in his complaint and that depriving plaintiff of the opportunity to recover "certain elements of his damage claims" against these individual defendants would be unjust. The Court is not certain what "certain elements" of plaintiff's damages for the harassment claim could not be recovered against defendant Panera (the individual defendants' employer), but in the event there are damages that stem from the individual defendants' conduct that was outside of the scope of their employment, this factor weighs in favor of allowing plaintiff to file the proposed First Amended Complaint.

### B. Statute of Limitations

This factor looks to whether a statute of limitations would affect plaintiff's ability to bring a separate suit against the individual defendants. If so, that would weigh in favor of granting amendment here. *See, e.g., Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Panera's only argument on this factor is that plaintiff's attempt to amend his complaint is futile absent evidence that he exhausted his administrative remedies with respect to the harassment claim against the individual defendants. However, in Reply, plaintiff submits evidence that he did exhaust his administrative

4

remedies by filing charges against McDermott and Stuart with the DFEH on February 5, 2010, and received an immediate right to sue letter.[2] As such, the Court finds that amendment would neither be futile nor time barred.[3]

However, as plaintiff's harassment claim is not time barred and could be brought in a separate suit against the individual defendants, this factor does not support amendment.

### C.     Unexplained Delay

Panera argues that the third factor, whether there had been an unexplained delay in moving to amend, weighs against amendment because plaintiff could have filed a timely charge for harassment against the individual defendants and included a cause of action for harassment in his initial complaint. In addition to providing evidence that plaintiff timely filed a DFEH charge against the individual defendants, plaintiff explains that the harassment cause of action was "inadvertently overlooked" on the initial preparation of the complaint. Reply at 2.

The Court notes that plaintiff has promptly moved to amend his complaint. Plaintiff asked Panera to stipulate to amendment on March 30, 2009, and when Panera refused to stipulate, plaintiff filed the instant motions on April 13, 2010. This delay, approximately two months from the date the original complaint was filed, is not unreasonable or unexplained, so this factor is given little weight. *See, e.g., Oettinger*, 2009 U.S. Dist. LEXIS 64786 at *7-8 (finding a 10 week delay in moving to amend from inception of litigation not a significant delay).

### D.     Motive

---

[2] Panera does not challenge or object to plaintiff's submission of evidence regarding his exhaustion of administrative remedies against defendants McDemott and Stuart. Panera, instead seeks to submit "additional evidence," in the form of a declaration from defendant McDermott stating that he had not been served with a copy of any charge filed against him as of May 17, 2010. *See* Defendant Panera's Request to Submit Additional Evidence [Docket No. 6]. Panera's request is GRANTED.

[3] The Court notes that the only right to sue letter provided by plaintiff names defendant McDermott. No evidence is provided that DFEH issued a right to sue letter for the charge filed against defendant Stuart. *See* Reply, Declaration of Arkady Itkin & Ex. 2 thereto. However, this, as well as any other specific challenges to plaintiff's exhaustion of administrative remedies, should be decided in state court.

5

Panera argues that plaintiff's motive in seeking to amend counsels strongly against granting amendment, as plaintiff admitted that he seeks to amend the complaint solely to defeat diversity jurisdiction. *See* Opposition, Declaration of Vincent Mersich [Docket No. 4-3] ¶ 2 ("Mr. Itkin requested that the parties stipulate to permitting Plaintiff to amend his Complaint to add a harassment cause of action, for the sole purpose of destroying diversity.").

Plaintiff admits that one reason for making the motion to amend is to remand this action to state court, but argues that it is not the only motive. Reply at 5. Specifically, plaintiff points to the fact that he expressly alleged unlawful conduct by the individual defendants to DFEH in obtaining his right to sue letters on February 5, 2010, and in his complaint filed in state court. Plaintiff also argues that the inadvertent failure to include the harassment claim in the original complaint should not be held against him, and states that if this action were still pending in state court, plaintiff would have sought leave to amend to add the claim there. Reply at 4.

The Court agrees that this case differs from most "post-removal" amendment cases where plaintiffs seek to add defendants in order to defeat diversity jurisdiction. Here, the individual defendants have been in this case since its inception and were subject to specific DFEH charges. As it is reasonable to conclude that plaintiff's failure to include the harassment claim in his initial complaint was inadvertent, the Court will not impute improper motives to plaintiff's conduct. *Cf. Oettinger v. Home Depot*, 2009 U.S. Dist. LEXIS 64786 at *8-9 ("Defendant's view of Plaintiff's motive is no more compelling than Plaintiff's explanation of her motive, and Plaintiff's preference for state court is no less honorable than Defendant's for federal court.")

### E.   Validity of Claim

As noted above, Panera's main argument is that amendment to add the harassment claim would be futile because it is unexhausted. *See, .e.g,* Opposition at 6. Since sufficient evidence of exhaustion has been presented, the apparent validity of the claim weighs in favor of granting plaintiff's motion to

amend.[4]

### F. Prejudice

Panera does not argue that defendants will be prejudiced if plaintiff is allowed to amend and remand to state court. Plaintiff notes that this case was filed very recently and that no discovery or other action has been taken other than related to the Notice of Removal and the instant motions. Plaintiff also notes that he will be prejudiced if the motions to amend and remand are denied, as plaintiff will be forced to file a separate case in state court to pursue the harassment claim against the individual defendants.

The Court agrees with plaintiff and believes that conservation of judicial resources also counsels in favor of granting plaintiff's motion to amend. In conclusion, weighing the relevant factors to be considered, the Court finds that plaintiff's motion for leave to amend should be GRANTED. The First Amended Complaint shall be filed.

### 2. Motion to Remand

Panera does not dispute that the motion to remand would be proper if the Court grants plaintiff's motion to amend. Plaintiff's motion to remand is, therefore, likewise GRANTED.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS plaintiff's motion to file a First Amended Complaint and REMANDS this case to Contra Costa Superior Court.

**IT IS SO ORDERED.**

Dated: June 2, 2010

SUSAN ILLSTON
United States District Judge

---

[4] This Court, in no way, reaches the merits of the harassment claim. Defendants may have valid challenges to that claim on the law or based on the evidence, but defendants will have to raise those in state court.